IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS DAVIS, BZ-9982,        )
    Petitioner,        )
        )
    v.        ) Civil Action No. 06-1086
        )
PAUL J. STOWITZKY, et al.,        )
    Respondents.        )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Thomas Davis for a writ of habeas corpus be dismissed and that a certificate of appealability be denied as the petition is time barred.

II. Report:

Thomas Davis, an inmate at the State Regional Correctional Facility at Mercer has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Davis is presently serving two consecutive seven to fourteen year periods of imprisonment following his conviction of robbery at Nos. 9100184 and 8904099, in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on January 14, 1992, and no appeal was pursued.

According to the petitioner, he submitted post-conviction petitions in which he contended that actual DNA evidence would have exonerated him. Although the petition is vague, it would appear that on January 10, 1991, the Pennsylvania Supreme Court entered an Order remanding

the matter to the trial court for a determination of whether the Commonwealth exercised due diligence in bringing the case to trial.[1] On May 24, 1991, the trial court determined that the petitioner had been brought to trial in a timely fashion. In response to the petitioner's fourteenth post-conviction petition, the Superior Court noted:

> [o]n May 3, 1991, a jury found [Appellant] guilty of two counts of robbery ... On January 14, 1992, he was sentenced to an aggregate term of 14 to 28 years' imprisonment. Appellant did not file a direct appeal, but filed a series of unsuccessful PCRA petitions ...[2]

Davis now comes before this Court and argues that he is entitled to release on the grounds of actual innocence in that no reasonable trier of fact would have convicted him had the DNA evidence been presented. See: House v. Bell, 126 S.Ct. 2064 (2006).

While there is a lengthy procedural history in this case, on June 27, 2006, the Superior Court dismissed the petitioner's "fourteenth petition filed pursuant to the Post Conviction Relief Act".[3] The instant petition was signed on August 14, 2006.

As the Superior Court observed, on September 20, 2004, it affirmed the dismissal of the petitioner's ninth post-conviction petition as untimely and that the petitioner had failed to invoke an exception to the timeliness requirement.[4]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

[1] See: Exhibit (d) to the petition.

[2] See: June 27, 2006 Memorandum of the Superior Court attached hereto.

[3] Id.

[4] Id.

limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, following remand, on May 24, 1991, the court of Common Pleas determined that the petitioner trial had commenced in a timely fashion. And sentence was imposed on January 14, 1992. No appeal was pursued. In <u>Kapral v. United States</u>, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on February 13, 1992.[5] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner sought post-conviction relief on fourteen occasions, the last being denied as untimely by the Superior Court on June 27, 2006 with an observation by the Court that on September 20, 2004, petitioner's ninth post-conviction petition was denied as untimely.

Giving the petitioner the benefit of all doubt, his federal habeas petition challenging his

---

[5] See: P.R.App.P. 903

conviction and sentence should have been filed by April 23, 1997. One of his latest denials of post-conviction relief occurred on September 20, 2004, with subsequent denials on grounds of untimeliness on January 28, 2005 and April 21, 2005.[6]

The instant petition was executed on August 14, 2006. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

The petitioner is put on notice of this proposed recommendation and in the objection process can provide the Court with any appropriate response he deems appropriate as mandated by the decision in United States v. Bendolph, 409 F.3d 522 (3d.Cir.2005), cert. Denied 126 S.Ct. 1908 (2006)..

For this reason, it is recommended that the petition of for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

---

[6] Id. The thirteenth post-conviction petition was dismissed on June 23, 2005, because the petitioner was not longer serving the sentence challenged.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                  Respectfully submitted,

Dated: August 21, 2006                    s/ Robert C. Mitchell,
                                                  United States Magistrate Judge

J. S31005/06
**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS DAVIS, | |
| Appellant | No. 1841 WDA 2005 |



Appeal from the PCRA Order entered August 26, 2005
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No. CC 9100184, CC8904099.

BEFORE: ORIE MELVIN, TODD and POPOVICH, JJ.

MEMORANDUM: FILED: June 27, 2006

Appellant, Thomas Davis, appeals *pro se* from the order entered August 26, 2005 dismissing as untimely his fourteenth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In the context of a prior appeal from the dismissal of Appellant's ninth PCRA petition, this Court explained that

> [o]n May 3, 1991, a jury found [Appellant] guilty of two counts of robbery at each of Nos. CC 8904099 and 9100184. On January 14, 1992, he was sentenced to an aggregate term of 14 to 28 years' imprisonment. Appellant did not file a direct appeal, but filed a series of unsuccessful PCRA petitions. . . .

*Commonwealth v. Davis*, No. 520 WDA 2004 (judgment order entered 9/20/04, affirming dismissal of Appellant's ninth PCRA petition as untimely and noting that Appellant had invoked no exception to the PCRA time-bar, but merely maintained his innocence), Certified Record (C.R.) at 128.

J. S31005/06

Subsequently, Appellant filed four motions which were treated as his tenth, eleventh, twelfth and thirteenth PCRA petitions. Each one was dismissed. *See* C.R. at 130 (order dated 1/28/05, dismissing tenth and eleventh PCRA petitions as untimely), C.R. at 135 (order dated 4/21/05, dismissing twelfth PCRA petition as untimely); C.R. at 139 (order dated 6/23/05, dismissing thirteenth PCRA petition because Appellant was no longer serving a sentence for the referenced offense). Although Appellant filed a timely appeal from the order of April 21, 2005, he later withdrew that appeal.

On June 30, 2005, Appellant, acting *pro se*, filed a "Motion for Leave to File Post Conviction Petition," which the PCRA court properly treated as his fourteenth PCRA petition. The PCRA court issued notice on August 5, 2005 of its intention to dismiss the petition as untimely without a hearing, pursuant to Pa.R.Crim.P. 907. On August 17, 2005, Appellant filed an "Objection to Lack of Jurisdiction." On August 26, 2005, the PCRA court entered the order dismissing Appellant's fourteenth PCRA petition as untimely. This timely *pro se* appeal followed.

Appellant raises one issue for our review:

Did the court below ignore and/or misapply law to fact pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i) jurisdiction?

Appellant's Brief, at 2.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.

J. S31005/06

***Commonwealth v. Halley***, 582 Pa. 164, 169 n.2, 870 A.2d 795, 799 n.2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001).

The timeliness of a PCRA petition is jurisdictional. ***Commonwealth v. Murray***, 562 Pa. 1, 5, 753 A.2d 201, 203 (2000). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. ***See Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 76, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545. The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

J. S31005/06

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Gamboa-Taylor**, 562 Pa. at 76, 753 A.2d at 783. **See also** 42 Pa.C.S.A. § 9545(b)(2).

In reviewing the appeal from the dismissal of Appellant's ninth PCRA petition, this Court concluded that his judgment of sentence became final on February 13, 1992, thirty days after the time for filing a direct appeal with this Court from the judgment of sentence expired. **Commonwealth v. Davis**, No. 520 WDA 2004 (judgment order, at 2) (citing 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903). This Court further concluded that, to be timely, Appellant's PCRA petition had to be filed by February 16, 1993 and that he could not benefit from the grace proviso for first-time petitioners under the PCRA. **Id.** (citing **Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997)).

To excuse the untimely filing of the instant PCRA petition, Appellant invokes the statutory exception for governmental interference, 42 Pa.C.S.A. § 9545(b)(1)(i). In his *pro se* "Motion for Leave to File Post Conviction Petition," Appellant alleged that "the trial judge and prosecutor through state action interfered with the advocacy process by repeatedly appointing

- 4 -

J. S31005/06

incompetent [defense] representation whom advocated state officials in securing their client's conviction [when] the defendant [] is innocent," and "the trial judge, prosecutor and defense counsel through state action entered into plea bargain negotiations improperly." C.R. at 144 (motion at 1); **see also id.** (motion at 4-5 (alleging, "[t]he defendant has faced a criminal prosecution as if [he] had no counsel at all" and suggesting that a trial judge and prosecutor have a duty to act to protect a defendant's interest where they perceive defense counsel's incompetence)). Although the bulk of his brief on appeal consists of argument challenging the validity of his arrest and prosecution, Appellant again invokes the exception for governmental interference. **See** Appellant's Brief at 10-12, 13.

We conclude, however, that Appellant has failed to plead and prove any of the exceptions necessary to preserve this otherwise untimely PCRA petition. In **Commonwealth v. Yarris**, 557 Pa. 12, 731 A.2d 581 (1999), our Supreme Court held that the PCRA at 42 Pa.C.S.A. § 9545(b)(4) specifically excludes "defense counsel" from the definition of "government officials." **See id.** at 557 Pa. at 24-25, 731 A.2d at 587-588. Thus, Appellant cannot invoke the exception for governmental interference by alleging ineffective assistance of defense counsel. **See Commonwealth v. Abu-Jamal**, 574 Pa. 724, 732-733, 833 A.2d 719, 724-725 (2003) (rejecting similar claim); **see also Commonwealth v. Wharton**, 584 Pa. 576, ___, 886 A.2d 1120, 1127 (2005) (stating, "It is well settled that

- 5 -

J. S31005/06

allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."). Nor will we permit him to sidestep **Yarris** by attempting to yoke his ineffective assistance claims to the alleged failure of the trial court and prosecutor to act in the face of such. Moreover, Appellant has failed to explain how the alleged conduct of the trial court or prosecutor hindered him from discovering or presenting any particular claim (including actual innocence) in a timely PCRA petition. **See Commonwealth v. Howard**, 567 Pa. 481, 788 A.2d 351 (2002).

Accordingly, because Appellant failed to plead and prove any statutory exception to the timeliness requirement of the PCRA, the instant petition was properly dismissed.

Order affirmed.

Judgment Entered:

*Eleanor R. Valecko*

Deputy Prothonotary

DATE: June 27, 2006

- 6 -